**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 10 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT D. SMITH,

        Plaintiff - Appellant,

    v.

SEARS ROEBUCK AND A&D, C.L.,
a New York corporation; TIM
MOSHER, in his individual and
official capacities; RON MAULER, in
his individual capacity,

        Defendants - Appellees.

No. 00-1416

D. Colorado

(D.C. No. 99-WY-2212-CB)

---

### ORDER AND JUDGMENT [*]

---

Before **TACHA** , Chief Judge, **ANDERSON** and **MURPHY** , Circuit Judges.


      Plaintiff Robert D. Smith appeals the grant of summary judgment in favor

of defendants Sears Roebuck and A & D, C.L., a New York corporation, Sears

sales representative Tim Mosher, and Arapahoe County Deputy Sheriff Ron

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mauler in this 42 U.S.C. § 1983 action arising out of an altercation in a Sears store. We affirm.

## BACKGROUND

The district court found the following facts, viewed in the light most favorable to Smith:

> Mr. Smith purchased a water filtration system from the Sears store at the Southglen Mall. Defendant Tim Mosher was the Sears sale representative who sold Mr. Smith the system. The price paid by Mr. Smith included installation, but the contractor that was supposed to install the system no longer performed such services for Sears customers and the replacement contractor said it would not honor the contract price.
>
> Unsatisfied, Mr. Smith went to Sears to return the water filtration system. On the way there, he tore up his Sears credit card. Mr. Smith's version of what occurred when he arrived is as follows: When Mr. Mosher requested to see Mr. Smith's credit card, Mr. Smith presented the severed card. According to Mr. Smith, a dispute ensued, and Mr. Mosher dramatically but quietly told Mr. Smith, "I'm going to kick your ass." Mr. Smith responded that if Mr. Mosher wanted to kick his ass he should call his manager. Mr. Smith then grabbed a nearby phone and called the operator. Sears employee Mark Fluekiger responded to the scene. Mr. Smith told Mr. Fluekiger that Mr. Mosher had told him that he was going to "kick his fucking ass." Mr. Fluekiger and a customer both asked Mr. Smith to watch his language, and Mr. Smith admits that he retorted to the customer, "fuck you" or "fuck off." The business transaction completed, Mr. Smith left the store with a parting salvo, "kick my fucking ass, we'll see."

Order at 2-3, Appellant's App. at 157-58.

-2-

Smith filed a complaint with the Arapahoe County Sheriff's Department, and defendant Ron Mauler was assigned the case. Deputy Mauler interviewed witnesses Fluekiger, Wilma Ruland and Patrick Malone, all of whom told Mauler that Smith was angry, out of control, and used foul language during the encounter with Mosher at Sears. After conducting an investigation, Mauler filed a charge of disorderly conduct against Smith, in violation of Colo. Rev. Stat. § 18-9-106. The charge was subsequently amended to include a charge of harassment based upon a phone call Smith made to Sears following the incident. The charges were ultimately dismissed. [1]

Smith then filed suit against defendants, alleging as follows: (1) Mauler violated Smith's constitutional rights, contrary to 42 U.S.C. § 1983, by knowingly filing criminal charges against Smith that were not supported by probable cause; (2) all defendants violated Smith's constitutional rights, contrary to 42 U.S.C. § 1983, by conspiring to file charges against him unsupported by probable cause; and (3) Sears and Mosher engaged in malicious prosecution by arranging for the filing of false charges unsupported by probable cause. Smith initially filed the action in Colorado state court, and defendants subsequently removed it to federal court.

---

[1]The motion to dismiss the charges stated as grounds for dismissal that there was "[n]o useful purpose in further prosecution." Mauler Aff. Ex. B, Appellant's App. at 97.

Sears and Mosher filed a motion to dismiss, and Mauler then filed a combined motion to dismiss and for summary judgment, raising the defense of qualified immunity. Mauler attached an affidavit and some additional evidence to his motion. When Smith filed his brief in opposition to Mauler's motion, he attached affidavits and evidence in support. No materials outside the pleadings were attached to Sears' and Mosher's motion to dismiss or Smith's response thereto.

There was a hearing on all pending motions, at the conclusion of which the court treated Sears' and Mosher's motion to dismiss as a motion for summary judgment "[b]ecause the Court considered affidavits and other evidence outside of the pleadings," Order at 1, Appellant's App. at 156. [2] The district court held that "[a]ll of Mr. Smith's claims live or die on whether Deputy Mauler had probable cause to file the charges against Mr. Smith." Id. at 4. After examining what Colorado law requires to support a charge of disorderly conduct, the court concluded that "[b]ased on Mr. Smith's own admissions, the Court finds as a matter of law that Deputy Mauler had probable cause to bring a disorderly conduct charge against Mr. Smith." Id. at 6. That conclusion, in turn, meant that

[2]Sears' and Mosher's attorney acknowledged at the hearing that, because their motion was one for dismissal, they were confined to arguing about the pleadings.

-4-

"all of Mr. Smith's claims must fail." Id. It accordingly granted summary judgment to all defendants.

Smith appeals, arguing (1) the district court "erred in treating Sears' and Mosher's motion to dismiss as one for summary judgment because matters outside the pleadings had not been presented on that motion"; and (2) the district court erred in granting summary judgment for Mauler because "[m]aterial issues of fact were not considered by the trial court, and the trial court improperly failed to interpret all reasonable inferences in the light most favorable to Smith." Appellant's Opening Br. at 6, 7.

## DISCUSSION

We review a grant of summary judgment de novo, applying the same legal standard as did the district court. Bartell v. Aurora Pub. Schs., No. 00-1162, 2001 WL 984719 at *3 (10th Cir. Aug. 21, 2001). We view the evidence, and the reasonable inferences to be drawn therefrom, in the light most favorable to the non-moving party. Id. "To successfully oppose summary judgment, the nonmoving party must show that there is a 'genuine' issue of fact, which requires 'more than simply show[ing] that there is some metaphysical doubt as to the material facts.'" Id. (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)). When reviewing a motion to dismiss, "[w]e must

accept the well-pleaded allegations in the complaint as true, construe them most favorably to the plaintiffs, and determine whether plaintiffs can prove any set of facts" establishing their entitlement to relief. E.F.W. v. St. Stephens Indian High Sch., No. 00-8002, 2001 WL 1040371 at *4 (10th Cir. Sept. 11, 2001).

**I. Mauler's Motion for Summary Judgment**

Mauler moved for summary judgment, arguing that, from the undisputed material facts, he did not violate Smith's clearly established constitutional rights and is therefore qualifiedly immune. He also argued that Smith's conspiracy charge against all defendants, including Mauler, was conclusory and failed to state a claim.

The district court granted summary judgment to Mauler, after concluding as a matter of law that he had probable cause to charge Smith with disorderly conduct. We agree. Under the applicable Colorado statutory and case law, as set forth in the district court's opinion, the undisputed facts, even viewed in the light most favorable to Smith, establish that Mauler had probable cause to file the disorderly conduct charge. No constitutional violation occurred, so we need not reach the issue of qualified immunity. Accordingly, we affirm the district court's grant of summary judgment for Mauler on Smith's claims that Mauler violated Smith's § 1983 rights by filing charges against Smith which Mauler knew were

unsupported by probable cause and by conspiring with Sears and Mosher to file such charges.

## II. Sears' and Mosher's Motion to Dismiss

Sears and Mosher moved to dismiss Smith's complaint pursuant to Fed. R. Civ. P. 12(b)(6). No affidavits or other materials were attached to the motion. However, because such affidavits and materials were attached to Mauler's motion to dismiss and motion for summary judgment, and presumably because the two motions were orally argued together, the district court treated Sears' and Mosher's motion as one for summary judgment. Smith argues he failed to receive notice that the court intended to convert the motion to dismiss into a motion for summary judgment, that the court erred in so converting the motion to dismiss, and, under the motion to dismiss standard, he adequately pleaded a conspiracy to violate Smith's § 1983 rights and malicious prosecution.

"Rule 12(b) authorizes a court to treat a motion to dismiss as one for summary judgment, provided that the court affords the parties a 'reasonable opportunity to present all material made pertinent to such a motion by Rule 56.'" Blue Circle Cement, Inc. v. Board of County Comm'rs, 27 F.3d 1499, 1503 (10th Cir. 1994) (quoting Fed. R. Civ. P. 12(b)). We have acknowledged that "a court's failure to comply with the notice requirements when changing a Rule 12(b)

motion to one for summary judgment may constitute reversible error." Id. We have also expressly recognized, however, that "a court's failure to comply with the notice requirements of Rule 56 constitutes harmless error if the dismissal can be justified under Rule 12(b)(6) standards without reference to matters outside the plaintiff's complaint." Id. We therefore apply the Rule 12(b)(6) standards and conclude that Smith's complaint is properly dismissed.

As indicated above, in applying Rule 12(b)(6) we accept the allegations pleaded in the complaint as true, construe them most favorably to Smith, and determine whether Smith can prove any set of facts entitling him to the relief he seeks. See Yousef v. Reno, 254 F.3d 1214, 1219 (10th Cir. 2001).

### A. Conspiracy Claim

With respect to the conspiracy claim against all defendants, including Sears and Mosher, Smith's complaint alleges as follows:

> Upon information and belief, the Defendants conspired and acted in concert with one another under color or authority of law of the State of Colorado and established policies and practices of the Arapahoe Police Department to deprive Plaintiff of his constitutional rights when they unlawfully conspired to file criminal charges against Plaintiff, knowing them to be false, or in reckless disregard of the truth.

Compl. ¶ 33, Appellant's App. at 4.

As Smith acknowledges in his opening brief:

we have held that "[w]hen a plaintiff in a § 1983 action attempts to assert the necessary 'state action' by implicating state officials or judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action."

Hunt v. Bennett, 17 F.3d 1263, 1268 (10th Cir. 1994) (quoting Sooner Prods. Co. v. McBride, 708 F.2d 510, 512 (10th Cir. 1983)); see Appellant's Opening Br. at 9. Smith's complaint completely fails to meet that standard. Accordingly, the conspiracy claim against Mosher and Sears is properly dismissed for failure to state a claim.

### B. Malicious Prosecution

Smith's remaining claim against Mosher and Sears is one for malicious prosecution. Smith's complaint alleges as follows regarding the malicious prosecution claim:

> The acts and conduct of the Defendants deprived Plaintiff of the rights and immunities secured to him by the law of this nation and the United States Constitution.
>
> The acts and conduct of the Defendants deprived Plaintiff of life, liberty or property without due process under the Fourth Amendment as incorporated in the Fourteenth Amendment.
>
> Defendants maliciously, wilfully and wantonly violated Plaintiff's Fourth and Fifth Amendment rights as incorporated in the Fourteenth Amendment, by arranging to have false criminal charges pressed against Plaintiff, charges which Defendant knew, or had reason to

know, were in violation of Plaintiff's Fourth Amendment Rights, as they were not founded upon reasonable belief or probable cause.

Compl. ¶ ¶ 36-38, Appellant's App. at 5.

Smith argues that this malicious prosecution claim is a claim under Colorado state law, despite his failure in his complaint to refer in any way to Colorado law. Assuming that this is a claim under Colorado law, over which the district court and we, exercising judicial discretion, could have supplemental jurisdiction, it completely fails to survive Rule 12(b)(6)'s standards.

Colorado law provides that:

> To establish a claim for malicious prosecution, a plaintiff must prove by a preponderance of the evidence that the defendant was a party to or assisted in a criminal or civil proceeding against the plaintiff, that the proceeding was resolved in favor of plaintiff, that there was no probable cause for the proceeding, that the defendant was actuated by malice in instituting the proceedings, and that the plaintiff was damaged thereby.

Walford v. Blinder, Robinson & Co., Inc., 793 P.2d 620, 623 (Colo. Ct. App. 1990) (citing Montgomery Ward & Co. v. Pherson, 272 P.2d 643 (1954)) (other citations omitted).

As indicated, we must treat Sears' and Mosher's motion as a motion to dismiss, which we review by reference to the pleadings only. [3] Even assuming we

---

[3]The district court, treating Sears' and Mosher's motion as one for summary judgment, examined matters outside the pleadings, including Smith's own affidavit which he included in his response to Mauler's motion for summary

(continued...)

construe Smith's complaint as alleging the elements of a state law claim for malicious prosecution, it completely fails to allege how Sears and Mosher "assisted" in Mauler's bringing the disorderly conduct charge against Smith, other than the vague and completely speculative allegations of a conspiracy, nor does it allege, other than in a completely conclusory way, that Sears and Mosher were motivated by malice. Accordingly, it fails to state a state law claim for malicious prosecution against Sears and Mosher. [4]

---

[3](...continued) judgment. Smith admitted in his affidavit that he swore on several occasions, loudly enough to disturb a customer in the area. The district court accordingly held that, even under Smith's own version of the facts, there was probable cause to file the disorderly conduct charge against Smith. As we indicated in our affirmance of summary judgment for Mauler, that conclusion is amply supported by the undisputed facts established by the affidavits and other materials submitted in connection with Mauler's summary judgment motion.

[4]If we view the malicious prosecution claim as one under § 1983, it would fail because it does not allege the requisite state action, inasmuch as Sears and Mosher are not state actors.

**CONCLUSION**

For the foregoing reasons, we AFFIRM the grant of summary judgment for Mauler and we REMAND this case for dismissal of the complaint against Sears and Mosher.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge